UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| NORTHFIELD INSURANCE COMPANY, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 3:20-CV-145-JD-MGG ) |
| CITY OF ELKHART, et al. | ) ) |
| Defendants. | ) ) |

## OPINION AND ORDER

Pursuant to the *Wilton-Brillhart* abstention doctrine, the City of Elkhart argues that the Plaintiffs' request for declaratory relief should be dismissed or stayed. DE 14. The Court agrees with the City's argument. Accordingly, the Plaintiffs' Complaint for Declaratory Judgment is dismissed without prejudice.

### I. BACKGROUND

The Plaintiffs are various insurance companies. DE 1, p. 2. Between 2003 and 2019, the Plaintiffs issued numerous insurance policies to the City. *See id.* at 7-70. During that same time, the City also obtained excess insurance coverage from Selective Insurance Company of South Carolina and Clarendon American Insurance Company. *See* DE 15-2, ¶¶ 8-9, 25.

On December 17, 2019, Mack Sims filed a § 1983 action against the City, Police Officer John Faigh, and a former prosecutor. DE 15-1, ¶¶ 3-7.[1] In essence, Sims alleges that he was wrongfully convicted of attempted murder. *Id.* ¶¶ 3, 8-41. Within his complaint, Sims asserts claims for (Count I) a violation of his right to a fair trial; (Count II) unlawful detention; (Count

---

[1] Sims' case is currently pending before the Court. *See Sims v. City of Elkhart*, 3:19-CV-01168.

III) malicious prosecution; (Count IV) *Monell* liability against the City; and (Count V) indemnification against the City. *Id.* ¶¶ 42-69.

On February 14, 2020, the Plaintiffs filed a Complaint for Declaratory Judgment in federal court. DE 1. The Court's jurisdiction is based upon diversity jurisdiction. *See id.* ¶ 13. The Plaintiffs argue that they do not owe coverage to the City or Officer Faigh. *Id.* pp. 70-83. Selective Insurance Company and Clarendon American Insurance Company are not parties to this pending request for declaratory judgment. *See id.* at 2-3.

On April 7, 2020, the City filed a Complaint for Declaratory Relief in the Elkhart Superior Court (state trial court).[2] DE 15-2. Within this state court litigation, the City seeks declaratory relief against the Plaintiffs, Selective Insurance Company, and Clarendon American Insurance Company. *Id.* ¶¶ 1-11. The City argues that the Plaintiffs' insurance policies provide coverage against Sims' lawsuit. *Id.* ¶¶ 19-22, 29. The City further argues that the excess insurance policies issued by Selective Insurance Company and Clarendon American Insurance Company are applicable. *Id.* ¶ 25. However, the City maintains that its insurance providers "disagree about their respective rights and obligations under the Triggered Policies, and a justiciable controversy exists between the City and the [insurance providers] regarding those rights and obligations." *Id.* ¶ 28. Thus, in the pending action in state court, "[t]he City seeks a declaration that the Triggered Policies provide coverage in connection with the Sims Suit, subject only to the applicable policy limits and retentions." *Id.* ¶ 29.

On April 13, 2020, the City filed a Motion to Dismiss Or, in the Alternative, Stay. DE 14. The City argues that the Court should abstain from deciding the pending dispute pursuant to the *Wilton-Brillhart* abstention doctrine. *See* DE 15. Put another way, the City argues that the instant

---

[2] The City's case is currently pending in state court. *See City of Elkhart v. Northfield Ins. Co., et al.*, 20D02-2004-PL-000077, *available at* https://public.courts.in.gov/mycase/#/vw/Search (last visited Sept. 11, 2020).

dispute should be decided in state court rather than federal court. *See* DE 15. Officer Faigh and Mack Sims concur with the City's argument. DE 17, 28. On May 4, 2020, the Plaintiffs filed a response in which they argue that abstention is not warranted. DE 21.

## II. DISCUSSION

The City argues that the Court should abstain from deciding the instant dispute pursuant to the *Wilton-Brillhart* abstention doctrine. The Court, in an exercise of discretion, agrees.

In relevant part, the Declaratory Judgment Act provides that the district court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Supreme Court has ruled that "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995) (citing *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942)).

The Seventh Circuit has noted that "the *Wilton/Brillhart* abstention doctrine appropriately applies in a diversity case where a declaratory judgment is sought and a parallel state proceeding also exists." *Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983, 986 (7th Cir. 2010). "Two actions are parallel when substantially the same parties are contemporaneously litigating substantially the same issues in two fora." *Id.* (citing *Sta–Rite Indus., Inc. v. Allstate Ins. Co.*, 96 F.3d 281, 287 (7th Cir. 1996); *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1288 (7th Cir. 1988)); *see also Ferraro v. Humphrey*, 242 F. Supp. 3d 732, 741-42 (N.D. Ind. 2017).

Whether to apply the *Wilton–Brillhart* abstention doctrine "is an inherently discretionary call for the district court, 'because facts bearing on the usefulness of the declaratory judgment

3

remedy, and the fitness of the case for resolution, are peculiarly within [its] grasp.'" *Arnold v. KJD Real Estate, LLC*, 752 F.3d 700, 707 (7th Cir. 2014) (quoting *Wilton*, 515 U.S. at 289) (alterations in original). "Several factors guide the court's discretion, including 'the scope of the pending state court proceeding' and 'whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding.'" *Id.* (quoting *Brillhart*, 316 U.S. at 495). However, the Supreme Court has cautioned that "at least where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in gratuitous interference if it permitted the federal declaratory action to proceed." *Wilton*, 515 U.S. at 283 (internal quotation marks and alterations omitted).

In this case, the Plaintiffs issued numerous insurance policies to the City. *See* DE 1, pp. 7-70. During that same time, the City also obtained excess insurance coverage from Selective Insurance Company and Clarendon American Insurance Company. *See* DE 15-2, ¶¶ 8-9, 25. Following his release from prison, Sims filed a lawsuit against the City for his allegedly unlawful conviction. DE 15-1, ¶¶ 3-7. Thereafter, the Plaintiffs filed a Complaint for Declaratory Judgment in federal court. DE 1. In essence, the Plaintiffs argue that they do not owe coverage to the City. *Id.* pp. 70-83. Selective Insurance Company and Clarendon American Insurance Company are not parties to this pending federal lawsuit. *See id.* at 2-3.

However, the City then filed a Complaint for Declaratory Relief in state court. DE 15-2. Within this state court litigation, the City seeks declaratory relief against the Plaintiffs, Selective Insurance Company, and Clarendon American Insurance Company. *Id.* ¶¶ 1-11, 29. Namely, the City argues that the Plaintiffs' insurance policies provide coverage against Sims' claims. *Id.* ¶¶ 19-22, 29. The City further argues that the excess insurance policies issued by Selective Insurance Company and Clarendon American Insurance Company are applicable. *Id.* ¶ 25.

Based upon the procedural history of this case, the Court finds that the two actions are parallel. Namely, the federal and state litigation involve whether the City has insurance coverage against Mack Sims' lawsuit. Both lawsuits involve the City and its primary insurance providers. Further, Officer Faigh and Mack Sims concur with the City's request. DE 17, 28. Thus, the Court finds that "substantially the same parties are contemporaneously litigating substantially the same issues in two fora." *Envision Healthcare, Inc.*, 604 F.3d at 986. Further, within this federal action, the Plaintiffs only seek a declaratory judgment as to their responsibilities under the insurance policies issued to the City. Moreover, this Court's jurisdiction is based upon diversity jurisdiction. 28 U.S.C. § 1332(a). Thus, the Court finds that this case is a "classic example of when abstention is proper" because "solely declaratory relief is sought and parallel state proceedings are ongoing." *Envision Healthcare, Inc.*, 604 F.3d at 986.

The Plaintiffs argue in response that the cases are not parallel because this case focuses on the duty to defend, whereas the state case also involves issues of indemnification and includes excess insurers. The Plaintiffs do not dispute, though, that all of the claims and parties in this case are also present in the state case. The inclusion of additional issues and parties in the state case does not mean that the cases are not parallel. *AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 518 (7th Cir. 2001) (stating that "the mere presence of additional parties or issues in one of the cases will not necessarily preclude a finding that they are parallel"). This case is at least a subset of the state case, so because the state case will "dispose of all claims presented in the federal case," the cases are parallel. *Envision*, 604 F.3d at 987.

Furthermore, based upon the record as a whole, the Court finds that the scope of the state court case makes proceeding in state court preferable to federal court. Notably, as opposed to this federal lawsuit, Selective Insurance Company and Clarendon American Insurance Company are

parties to the state court litigation. The Court finds that having all the insurers subject to one suit is preferable because it will prevent inconsistent judgments and piecemeal litigation. *See, e.g.*, *TIG Ins. Co. v. City of Elkhart*, No. 3:17-CV-938, 2018 WL 8786750, at *1 (N.D. Ind. Apr. 25, 2018) ("The state case involves a number of additional insurers as well, which further favors abstention, as resolving this case, which involves a subset of the state case, could create the potential for inconsistent judgments.") (citing *Sta-Rite Indus., Inc.*, 96 F.3d at 287). Further, because the state court provides a better forum, this Court "might be indulging in gratuitous interference if it permitted the federal declaratory action to proceed." *Wilton*, 515 U.S. at 283 (internal quotation marks omitted). The relative timing of the two cases does not mean otherwise, either. Though the state case was filed shortly after this one and is still in its early stages, this case is still in its early stages as well, as no answers have been filed. Thus, in an exercise of discretion, the Court finds that abstention is warranted.

In arguing to the contrary, the Plaintiffs argue in part that courts have a "virtually unflagging obligation" to exercise jurisdiction given to them, making abstention appropriate only in exceptional circumstances. That is true as to *Colorado River* abstention, but not *Wilton–Brillhart* abstention. By stating that courts "may" enter declaratory judgments, the Declaratory Judgment Act confers discretion on district courts, and exceptional circumstances are not necessary to apply *Wilton–Brillhart* abstention. *Envision*, 604 F.3d at 986; *R.R. Street & Co., Inc. v. Vulcan Materials Co.*, 569 F.3d 711, 714-15 (7th Cir. 2009) ("In *Wilton*, the Court confirmed the continued vitality of *Brillhart*, rejecting the argument that exceptional circumstances under the *Colorado River* doctrine must exist in order to justify abstention in a declaratory judgment action.") (citing *Wilton*, 515 U.S. at 286)). The Plaintiffs' arguments about *Colorado River*

6

abstention (which the City did not invoke) and the multi-factor analysis for determining whether exceptional circumstances support abstention are thus misplaced.

### III.  CONCLUSION

For the reasons stated above, the Court GRANTS the motions to dismiss. [DE 14, 17]. The Plaintiffs' Complaint for Declaratory Judgment [DE 1] is DISMISSED without prejudice. The Clerk of Court is DIRECTED to enter judgment accordingly.

SO ORDERED.

ENTERED:  October 1, 2020

                                              /s/ JON E. DEGUILIO
                                           Chief Judge
                                           United States District Court